**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 10 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRE AVIATION ADMINISTRATION and ROBERT C. MACE, | No. 15-71061 |
| Petitioners, | NTSB Docket No. SE-19109RM NTSB Order No. EA-5722 |
| v. | MEMORANDUM* |
| FEDERAL AVIATION ADMINISTRATION, | |
| Respondent. | |

On Petition for Review of a Decision of the
National Transportation Safety Board

Submitted April 7, 2017**
Pasadena, California

Before: CLIFTON and OWENS, Circuit Judges, and ANTOON,*** District Judge.

Petitioners TRE Aviation Administration and Robert C. Mace seek review of

the National Transportation Safety Board's (NTSB) decision affirming the Federal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Aviation Administration's (FAA) order revoking the standard airworthiness certificate of civil aircraft number N61PH. The parties are familiar with the facts, and therefore we do not recount them here. We have jurisdiction pursuant to 49 U.S.C. §§ 1153(a), 44709(f), and 46110, and we deny the petition for review.

1. The administrative law judge did not err in allowing the testimony of FAA aviation inspector Kenton Fenning. Fenning testified as a fact witness, and to the extent some of Fenning's testimony was opinion, it was lay opinion testimony rather than expert opinion and therefore was permitted under Fed. R. Evid. 701. Even if some of Fenning's testimony constituted expert opinion and was erroneously admitted as undisclosed expert testimony, that error did not prejudice Petitioners and does not warrant reversal. *See Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1122 (9th Cir. 2004) (noting that to reverse based on an agency's evidentiary ruling, the court "must conclude both that the [agency] abused its discretion and that the error was prejudicial").

2. We reject Petitioners' contention that they did not violate 14 C.F.R. §§ 45.13(e) and 43.3 when they removed N61PH's data plate and reattached it to a fuselage from a different helicopter during what they refer to as "maintenance" or "repair" of N61PH. It is undisputed that the current N61PH contains only a few parts from the previous N61PH. We agree with the FAA and the NTSB that the work performed on the helicopter cannot be characterized as "maintenance" or

2

"repair" and that the aircraft on which the data plate was reinstalled is not the same aircraft from which it was removed. The NTSB's conclusion that N61PH lacks qualification to hold a standard airworthiness certificate because the data plate installed on it does not properly identify it is supported by substantial evidence and in accordance with law.

**PETITION DENIED**.